AUTEN *v.* UNION CENTRAL LIFE INS. CO.

MÓRTGAGES—MORATORIUM RELIEF—EQUITY—INCREASE OF MONTHLY
PAYMENT.

> Extension of moratorium relief on condition that mortgagors
> pay a monthly amount in rent equal to about one-half the
> accumulation of interest aside from insurance and unpaid taxes
> *held,* so insufficient as to require payment of double such
> amount monthly in order to permit continuance of moratorium.

Appeal from Washtenaw; Sample (George W.), J. Submitted January 5, 1938. (Docket No. 40, Calendar No. 39,800.) Decided February 24, 1938.

Bill by Clayton M. Auten and wife against Union Central Life Insurance Company, an Ohio corporation, for moratorium relief from foreclosure of a mortgage. Order for plaintiffs. Defendant appeals. Modified.

*John P. Kirk,* for plaintiffs.

*Wood & Williams,* for defendant.

WIEST, C. J.   October 1, 1929, plaintiffs mortgaged their 140-acre farm in Washtenaw county to defendant. In May, 1935, the mortgage was foreclosed by advertisement and, at the sale, defendant purchased the property for $10,532.71, that being the amount then due. In May, 1936, just before expiration of the period of redemption, plaintiffs applied for and were granted a moratorium, or extension of the period

within which to redeem, until March 1, 1937, upon condition that they pay defendant $29.18 per month, and make repairs to the amount of $50.

The legislature, by Act No. 1, Pub. Acts 1937, effective February 18, 1937, permitted extension of moratorium relief until November 1, 1938.

February 25, 1937, plaintiff filed the bill herein to obtain a moratorium until November 1, 1938, and such relief was granted on condition that they pay monthly, to the clerk of the court, the sum of $29.16, to be used to pay necessary insurance premiums, unpaid taxes and any balance thereof on the principal and interest.

Upon appeal defendant mortgagee claims that the terms mentioned are wholly inadequate and unreasonable.

The mortgage carried six per cent. interest. The assessed value of the farm was considerably less than the amount bid by defendant at the foreclosure sale. The real value of the farm at the time of the moratorium order was problematical. The highest possible value it might have in the future was stated by witnesses for plaintiff that, if times improved, it might bring $14,000, or $100 per acre, if terms were made of 25 per cent. of the purchase price down, and 10 years' time given for the balance.

Plaintiffs' application to the Federal Land Bank for a loan was unsuccessful.

The rental value of the farm was set by witnesses at $2.50 per acre, and that was the amount fixed by the court to be paid by plaintiffs in monthly instalments. That amount represented about one-half of the annual accumulation of interest on the mortgage obligation, exclusive of insurance and unpaid taxes.

It is quite evident that the mortgage as it now stands equals the present value of the farm and, un-

less there comes a decided increase in farm values between now and November 1, 1938, the moratorium granted will mulct defendant.

No showing was made of present value above the mortgage debt due or any possibility of redemption, except by a sale at a price not now obtainable and in the future wholly uncertain.

Under the terms of the granted moratorium the debt is increasing and there is no equity in requiring defendant to let the debt mount, to its loss, without assurance that the security will also increase in market value.

Under the circumstances we think the circuit judge failed to apply controlling principles of equity and, this being a chancery case, the order in the circuit court is vacated and an order will be entered in this court, at the election of plaintiffs, if filed in writing with the clerk of this court within 10 days after the filing of this opinion, extending the period of redemption to November 1, 1938, upon condition that plaintiffs pay to defendant, or to the clerk of the Washtenaw circuit court for defendant, the sum of $58.33, each month in advance, commencing March 1, 1938. If no such election is filed then the order appealed from is vacated.

In either event, defendant will recover costs.

BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.